Lawrence A. Steckman (lsteckman@lskdnylaw.com)
LESTER SCHWAB KATZ & DWYER, LLP
120 Broadway
New York, New York  10271
(212) 964-6611
*Attorneys for Defendant Hansen Barnett & Maxwell, P.C.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BENO VARGHESE, Individually and on Behalf of All Others Similarly Situated, <br><br>    Plaintiff, <br><br>  vs. <br><br> CHINA SHENGHUO PHARMACEUTICAL HOLDINGS, INC., et al, <br><br>    Defendants. | Case No. 1:08-cv-07422-VM |

**DEFENDANT HANSEN BARNETT & MAXWELL, P.C.'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS'
CONSOLIDATED AMENDED COMPLAINT FOR
VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

   Defendant Hansen Barnett & Maxwell, P.C. ("HB&M"), by and through its under-

signed counsel answer Plaintiffs' Consolidated Amended Class Action Complaint for

Violations of the Federal Securities Laws ("Complaint"), dated February 9, 2009, as

follows:

**GENERAL DENIAL**

Except as otherwise expressly recognized herein, HB&M denies each and every allegation contained in the Complaint.  Pursuant to Rule 8(d) of the Federal Rules of Civil Procedure, averments in the Complaint to which no responsive pleading is required shall be deemed as denied.  HB&M reserves the right to seek to amend and/or supplement its Answer  as necessary.

**RESPONSE TO SPECIFIC ALLEGATIONS**

1.      The allegations of Paragraph 1 are statements of law to which no response is required.

2.      HB&M denies the class period alleged in Paragraph 2 applies to it. HB&M lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 2.

3.      HB&M lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3 except admits the Audit Committee of China Shenghuo Pharmaceutical Holdings, Inc. ("CSP") conducted an internal investigation.

4.      HB&M lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 4.

5.      HB&M denies the allegations of Paragraph 5 and denies it engaged in any wrongdoing, including but not limited to any participation in or any knowledge of any

purported "accounting fraud." HB&M lacks sufficient knowledge or information to form a belief as to the truth of paragraph 5 as it pertains to the other defendants except admits CSP restated its financial results for its fiscal year 2007 ending December 31, 2007, and first quarter 2008 and that CSP's restated net income dropped from $4,016,640.00 to $1,720,387.00 and restated earnings per share dropped from $0.21 to $0.09 per share in its Amended Form 10-KSB for 2007.

6.      HB&M denies it engaged in any accounting fraud as alleged in Paragraph 6.  HB&M lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 6.

7.      HB&M lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 7.

8.      HB&M lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8.

9.      HB&M denies the allegations in Paragraph 9, except admits the PCAOB made critical recommendations regarding one HB&M audit.

10.      HB&M denies it has violated Section 10 or Rule 10b-5 of the Exchange Act as set forth in Paragraph 10 except admits that the allegations of Paragraph 10 are statements of law to which no response is required.

11.      The allegations of paragraph 11 are statements of law to which no response is required.

12.    The allegations of Paragraph 12 are statements of law to which no response is required.

13.    HB&M lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14.    HB&M lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 14.

15.    HB&M lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 15 except admits that a certain certification was filed in this case the content of which speaks for itself.

16.    HB&M admits the allegations of paragraph 16.

17.    HB&M admits the allegations of paragraph 17.

18.    HB&M lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 18 except admits Gui Hua Lan was the Company's CEO.

19.    HB&M lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 19 except admits Qiong Hua Gao was CSP's CFO.

20.    Paragraph 20 contains allegations that are statements of law to which no response is required.  HB&M has responded to the Complaint allegations based on

4

535420.1

Plaintiffs' paragraph 20 representation that the term "Defendants" as used in the Complaint does not include HB&M.

21.    HB&M lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 21.

22.    HB&M lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 22.

23.    HB&M lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 23.

24.    HB&M lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 24.

25.    HB&M lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 25.

26.    HB&M admits the allegations of Paragraph 26.

27.    HB&M admits the allegations of Paragraph 27.

28.    HB&M denies the allegations of Paragraph 28 except admits that HB&M audited CSP's 2007 financial statements in accordance with PCAOB standards and issued an unqualified auditor's report the content of which speaks for itself.

29.    HB&M denies the allegations of paragraph 29.

30.    HB&M denies the alleged class period is applicable to it and lacks sufficient knowledge or information to form a belief regarding the beginning of the

5

535420.1

alleged class period as to the other defendants. With respect to the language purportedly quoted from the Sarbanes-Oxley Act ("SOX") Certifications filed with CSP's Form 10-QSB for the 2Q 2007, said Certifications speak for themselves. HB&M lacks sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 30.

31.    HB&M lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 31 except admits CSP's 10-QSB for the 2Q of 2007 contain the quoted language in Paragraph 31.

32.    HB&M lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 32.

33.    HB&M lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 33.

34.    HB&M admits the allegations of paragraph 34.

35.    HB&M lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 35.

36.    HB&M lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 36.

37.    HB&M lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37 except HB&M admits CSP filed its Form 10-KSB for the year 2007 on March 31, 2008, that it reported net income as $4,016,640.00,

earnings per share as $0.21 per share, and general and administrative expenses of $4,935.754.00.

38.    HB&M denies the allegations of wrongdoing in Paragraph 38 as HB&M except admits its audit of CSP's 2007 financial statements was performed in accordance with PCAOB standards.  HB&M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 38.

39.    HB&M lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 39.

40.    HB&M lacks sufficient knowledge or information to form a belief as to the truth of Paragraph 40.

41.    HB&M denies the truth of the allegations of Paragraph 41 except admits CSP issued a press release on April 1, 2008, the content of which speaks for itself.  HB&M lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 41.

42.    HB&M lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 42.

43.    HB&M lacks sufficient knowledge or information to form a belief as to the truth of Paragraph 43 except admits CSP's 2007 net income was restated as $1,720,387.00, 2007 earnings per share were restated as $0.09, and 2007 general and administrative expenses were restated as $5,877,948.00, as alleged in Paragraph 43.

7

44.    HB&M denies the allegations set forth in Paragraph 44 except admits its audit of CSP's 2007 financial statements was performed in accordance with PCAOB standards.

45.    HB&M lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 45 except admits that CSP filed a Form 10-Q for the 1Q of 2008, that the Form 10-Q states the financial statements in the Form 10-Q were prepared in accordance with GAAP and that the financial statements state a net loss for CSP's 1Q in 2008 of $338,341.00 or a loss of $0.02 per share.  HB&M also admits the Form 10-Q for the 1Q of 2008 states CSP's general and administrative expenses were $1,571,115.

46.    HB&M lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 46.

47.    HB&M lacks sufficient knowledge or information to form a belief as to the allegations of Paragraph 47 except admits that Form 10-Q included certain certifications.

48.    HB&M lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 48 except admits CSP filed an amended Form 10-Q for the 1Q of 2008 restating net loss for 1Q 2008 as $852,660.00, loss per share as $0.04, and general and administrative expenses as $2,467,578.00.

8

535420.1

49.     HB&M lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 49 except admits that the content of CSP's August 20, 2008 press release speaks for itself.

50.     HB&M lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 except admits CSP's stock price closed at $2.33 on August 19, 2008, closed at $1.89 on August 20, 2008, traded at a volume of 302,500 on August 20, 2008 and that AMEX halted trading of CSP's stock on August 20, 2008.

51.     HB&M lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 51 except admits CSP filed an amended Form 8-K and that the amended Form 8-K contained the language Plaintiffs quote in Paragraph 51.

52.     HB&M lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 52 except admits CSP filed a Form 8-K on October 23, 2008, announcing the resignation of Gene Michael Bennett as an independent director and member of the audit committee and that Mr. Bennett's email attached to the Form 8-K speaks for itself.

53.     HB&M lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 53 except admits that CSP filed an amended Form 8-K on November 14, 2008 the content of which speaks for itself.

54.    HB&M admits the allegations of paragraph 54.

55.    HB&M admits CSP filed a second amended Form 10-KSB for its fiscal year 2007, the content of which speaks for itself.

56.    HB&M admits CSP issued a press release on November 20, 2008 and that the press release purports to quote defendant Gui.

57.    HB&M lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 except admits that on December 9, 2008, CSP announced its common stock would resume trading on the NYSE Alternext LLC exchange and that on December 9, 2008, CSP's stock closed trading at a price of $1.28 per share.

58.    HB&M admits that all rules, regulations and interpretations in Paragraph 58 speak for themselves.

59.    HB&M admits that all rules, regulations and interpretations in Paragraph 59 speak for themselves.

60.    HB&M admits that all rules, regulations and interpretations in Paragraph 60 speak for themselves.

61.    HB&M admits that the text of Securities Act Release No. 6349 in Paragraph 61 speaks for itself.

62.    HB&M admits that text of Accounting Series Release 173 in Paragraph 62 speaks for itself.

10

63.    HB&M lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 63 except admits that Bulletin No. 99 speaks for itself.

64.    HB&M admits that text of SAB No. 99 and the "FASCON No. 2" in Paragraph 64 speak for themselves.

65.    HB&M denies the allegations in Paragraph 65 except admits "SFAS No. 154" and "APB No. 20" speak for themselves. The remaining allegations are statements of law to which no response is required.

66.    HB&M admits that SFAS No. 154 speaks for itself.

67.    HB&M admits that SFAS 154 and APB 20 speak for themselves.

68.    HB&M admits the allegations set forth in Paragraph 68 are statements of law to which no response is required.

69.    HB&M admits that section 302 of the Sarbanes-Oxley Act of 2002 speaks for itself and that the allegations in paragraph 69 are statements of law to which no response is required.

70.    HB&M admits that section 906 of the Sarbanes-Oxley Act of 2002 speaks for itself and that the allegations in paragraph 70 are statements of law to which no response is required.

535420.1

71.    HB&M denies the allegations of paragraph 71 except admits paragraph 404 of the Sarbanes-Oxley Act of 2002 and Item 307 of Regulations S-K and S-B and the other cited documents speak for themselves..

72.    HB&M admits the allegations in Paragraph 72.

73.    HB&M lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 73.

74.    HB&M lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 74.

75.    HB&M denies the allegations of paragraph 75.

76.    HB&M admits that the allegations of paragraph 76 are statements of law to which no response is required.

77.    HB&M admits that the allegations of paragraph 77 are statements of law to which no response is required.

78.    HB&M admits that the allegations of paragraph 78 are statements of law to which no response is required.

79.    HB&M denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79.

80.    HB&M admits that the allegations of paragraph 80 are statements of law to which no response is required and that the audit standards to which Paragraph 80 refers speak for themselves.

81.    HB&M admits that the allegations of paragraph 81 are statements of law to which no response is required and that the audit standards to which paragraph 81 refers speak for themselves.

82.    HB&M denies the allegations of paragraph 82, except admits that on June 19, 2008, PCAOB released an "Inspection of Hansen, Barnett & Maxwell, P.C" and that the June 19, 2008 Investigation states what it is quoted in Paragraph 82.

83.    HB&M denies the allegations of paragraph 83, except admits that its audit of CSP's 2007 financial statements was performed in accordance with PCAOB standards.

84.    HB&M denies the allegations of paragraph 84.

85.    HB&M denies the allegations of paragraph 85 except admits that its audit of CSP's 2007 financial statements was performed in accordance with PCAOB standards and that the content of the audit standards to which Paragraph 85 refers, speak for themselves..

86.    HB&M denies the allegations of paragraph 86 except admits that the content of the audit standards to which Paragraph 86 refers, speak for themselves.

87.    HB&M denies the allegations of paragraph 87.

88.    HB&M lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 88.

535420.1

89.     HB&M lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 89 except admits that the content of statements made in public filings speak for themselves.

90.     HB&M denies the allegations of paragraph 90 except admit that the content of the PCAOB Report speaks for itself.

91.     HB&M denies that class period stated in paragraph 91 is applicable to it except admits that the remaining allegations are statements of law to which no response is required.

92.     HB&M lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 92.

93.     HB&M denies the allegations of paragraph 93 regarding HB&M and that it lacks sufficient knowledge or information to form a belief as to the truth of the rest of the allegations in Paragraph 93.

94.     HB&M lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 94.

95.     HB&M lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 95.

96.     HB&M lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 96 except denies each allegation in Paragraph 96 as to HB&M.

14

97.    HB&M lacks sufficient knowledge or information to form a belief as to the truth of Paragraph 97.

98.    HB&M lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 98.

99.    HB&M lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 99.

100.    HB&M denies the allegation of paragraph 100 as to HB&M, except lacks sufficient knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 100.

101.    HB&M denies the allegation of paragraph 101 as to HB&M, except lacks sufficient knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 101.

102.    HB&M denies the allegation of paragraph 102 as to HB&M and lacks sufficient knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 102.

103.    HB&M admits that the allegations of paragraph 103 are statements of law to which no response is required.

104.    HB&M lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 104.

105.    HB&M denies the allegation of paragraph 105.

15

535420.1

106.    HB&M denies the allegation of paragraph 106 as to HB&M and lacks sufficient knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 106 regarding other defendants.

107.    HB&M re-alleges and incorporates by this reference its responses set forth in paragraphs 1 through 106.

108.    HB&M denies the allegation of paragraph 108.

109.    HB&M denies the allegation of paragraph 109.

110.    HB&M denies the allegation of paragraph 110

111.    HB&M denies the allegation of paragraph 111.

112.    HB&M lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 112.

113.    HB&M denies the allegation of paragraph 113.

114.    HB&M denies the allegations of paragraph 114 except admits that HB&M's audit report was incorporated into the Company's 2007 Form 10-KSB.

115.    HB&M denies the allegation of paragraph 115 except lacks knowledge or information to form a belief as to the truth of the first sentence of paragraph 115.

116.    HB&M denies the allegation of paragraph 116 except lacks knowledge or information to form a belief as to the truth of the first sentence of paragraph 116 and Plaintiffs' allegations regarding what class members may have done.

117.    HB&M denies the allegation of paragraph 117.

16

118.    HB&M denies the allegation of paragraph 118.

119.    HB&M re-alleges and incorporates by this reference its responses set forth in paragraphs 1 through 119.

120.    HB&M lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 120.

121.    HB&M lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 121 except admits that CSP's class filings speak for themselves.

122.    HB&M lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 122.

123.    HB&M denies the allegation of paragraph 123 as to HB&M and lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 123, as to other defendants.

## **AFFIRMATIVE DEFENSES**

Pursuant to Federal Rule 8, HB&M sets forth the following affirmative defenses and reserves the right to amend or supplement their defenses or to assert additional defenses if their existence is established through discovery or investigation.

535420.1

## FIRST AFFIRMATIVE DEFENSE

124.    Plaintiffs' Complaint, and the causes of action therein, fail to state a claim upon which relief can be granted against this answering defendant and should, therefore, be dismissed pursuant to F.R.C.P. 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

125.    HB&M's audit of CSP's 2007 financial statements was in accordance with PCAOB standards.

## THIRD AFFIRMATIVE DEFENSE

126.    Any damages the class suffered were proximately caused persons or events other than HB&M.

## FOURTH AFFIRMATIVE DEFENSE

127.    Plaintiffs have failed to mitigate damages.

## FIFTH AFFIRMATIVE DEFENSE

128.    Plaintiffs' claims are barred by the doctrines of waiver, estoppel and unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

129.    Plaintiffs' Section 10(b) claim against HB&M is barred because it is, in reality, an aiding and abetting claim which is barred.

## SEVENTH AFFIRMATIVE DEFENSE

130.    The stated basis of HB&M's opinion was accurate.

535420.1

### EIGHTH AFFIRMATIVE DEFENSE

131.    HB&M has made no false statements of fact.

### NINTH AFFIRMATIVE DEFENSE

132.    Plaintiffs have failed to plead their claims with the requisite particularity under the Private Securities Litigation Reform Act.

### TENTH AFFIRMATIVE DEFENSE

133.    HB&M has acted in good faith and without knowledge or intent to commit securities fraud and did not directly or indirectly participate in, or induce, any unlawful acts.

### ELEVENTH AFFIRMATIVE DEFENSE

134.    The substance of the material information that Plaintiffs allege to have been omitted or misrepresented was in fact disclosed in CSP public filings and other public releases and/or was otherwise publicly available and/or widely known to the market and to the investing community.

### TWELTH AFFIRMATIVE DEFENSE

135.    Plaintiffs cannot demonstrate transaction causation.

### THIRTEENTH AFFIRMATIVE DEFENSE

136.    Plaintiffs cannot demonstrate loss causation.

535420.1

## FOURTEENTH AFFIRMATIVE DEFENSE

137.    Any increase or decrease in the market value of Plaintiffs' stock was the result of market or other factors rather than the alleged wrongful conduct of HB&M.

## FIFTEENTH AFFIRMATIVE DEFENSE

138.    Plaintiffs cannot demonstrate they suffered compensable damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

139.    Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, under the principles of contribution and/or indemnity.

## SEVENTEENTH AFFIRMATIVE DEFENSE

140.    Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because they lack standing to pursue the some or all of the claims in the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

141.    Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because this action cannot be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

535420.1

## NINETEENTH AFFIRMATIVE DEFENSE

142.    HB&M adopts and incorporates any defenses asserted by other defendants herein to the extent such defenses are applicable to HB&M.

WHEREFORE, HB&M respectfully request that this Court dismiss Plaintiffs' claims against it, award costs, disbursements and attorneys' fees to HB&M along with such other and further relief as the Court deems just and proper.

Dated:        New York, New York
              January 29, 2010

                                        Respectfully submitted,

                                        LESTER SCHWAB KATZ & DWYER, LLP

                                        _____/s/_____
                                        Lawrence A. Steckman (LAS-8020)
                                        Attorneys for Hansen, Barnett & Maxwell, P.C.
                                        120 Broadway
                                        New York, New York  10271
                                        (212)  964-6611

              1349833

535420.1