Donald S. Zakarin (dzakarin@pryorcashman.com)
Richard C. Schoenstein (rschoenstein@pryorcashman.com)
PRYOR CASHMAN LLP
7 Times Square
New York, New York  10036
(212) 421-4100
*Attorneys for Defendants China Shenghuo*
*Pharmaceutical Holdings, Inc., Lan's*
*International Medicine Investment Co., Ltd.,*
*Gui Hua Lan, and Qiong Hua Gao*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BENO VARGHESE, Individually and on Behalf of All Others Similarly Situated, | 08-cv-07422-VM |
| *Plaintiffs*, | |
| v. | |
| CHINA SHENGHUO PHARMACEUTICAL HOLDINGS, INC., et al., | |
| *Defendants*. | |

## ANSWER AND AFFIRMATIVE DEFENSES
## OF THE CHINA SHENGHUO DEFENDANTS

Defendants China Shenghuo Pharmaceutical Holdings, Inc. ("CSP"), Lan's International

Medicine Investment Co., Limited ("LIMI"), Gui Hua Lan ("Gui") and Qiong Hua Gao ("Gao")

(collectively, the "CSP Defendants"), by and through their undersigned counsel, answer

Plaintiffs' Consolidated Amended Class Action Complaint for Violations of the Federal

Securities Laws ("Complaint"), dated February 9, 2009, as follows:

## GENERAL DENIAL

Except as otherwise expressly recognized herein, the CSP Defendants deny each and

every allegation contained in the Complaint, including, without limitation, any allegations

contained in the preamble, headings or subheadings of the Complaint, and specifically deny any liability to William R. Bennett and/or Chia-Yiu Maa ("Plaintiffs") or any member of the class that Plaintiffs purport to represent. Pursuant to Rule 8(d) of the Federal Rules of Civil Procedure, averments in the Complaint to which no responsive pleading is required shall be deemed as denied. The CSP Defendants expressly reserve the right to seek to amend and/or supplement their Answer as may be necessary.

**RESPONSE TO SPECIFIC ALLEGATIONS**

With respect to the introductory paragraph of the Complaint, the CSP Defendants admit that Plaintiffs purport to bring their claims on behalf of a class of persons similarly situated, deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported basis of Plaintiffs' allegations, and otherwise deny the allegations contained therein.

1.      The CSP Defendants admit that Plaintiffs purport to have alleged violations of the Securities Exchange Act of 1934 and purport to bring this action as a class action, and otherwise deny the allegations in paragraph 1 of the Complaint.

2.      The CSP Defendants deny the allegations in paragraph 2 of the Complaint.

3.      The CSP Defendants admit that the Audit Committee of CSP's Board of Directors conducted an internal investigation, and otherwise deny the allegations in paragraph 3 of the Complaint.

4.      The CSP Defendants refer to the public record for the closing prices of CSP shares, admit that AMEX halted trading of the stock on or about August 21, 2008, and otherwise deny the allegations in paragraph 4 of the Complaint.

5.      The CSP Defendants admit that CSP restated its financial statements for the fiscal year ending December 31, 2007 and the first quarter of 2008, refer to the restatement of the

Company's financials for the true and correct contents thereof, and otherwise deny the allegations in paragraph 5 of the Complaint.

6.      The CSP Defendants refer to CSP's public filings for the true and correct contents thereof, and otherwise deny the allegations in paragraph 6 of the Complaint.

7.      The CSP Defendants refer to CSP's public filings for the true and correct contents thereof, and otherwise deny the allegations in paragraph 7 of the Complaint.

8.      The CSP Defendants deny the allegations in paragraph 8 of the Complaint.

9.      The CSP Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10.      The CSP Defendants admit that Plaintiffs purport to have alleged claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 thereunder, and otherwise deny the allegations in paragraph 10 of the Complaint.

11.      The CSP Defendants admit that this Court has jurisdiction over this action, and otherwise deny the allegations in paragraph 11 of the Complaint.

12.      The CSP Defendants admit that venue is proper in this Judicial District, admit that the Company's common stock is traded on NYSE Amex LLC (formerly known as AMEX), and otherwise deny the allegations in paragraph 12 of the Complaint.

13.      The CSP Defendants deny the allegations in paragraph 13 of the Complaint.

14.      The CSP Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15.      The CSP Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16.     The CSP Defendants admit that CSP is a Delaware corporation with its principal executive offices located in the Yunnan province of the People's Republic of China, admit that CSP and its subsidiaries engage in the research, development, manufacture, and marketing of pharmaceutical, nutritional supplement, and cosmetic products which are made and sold in China, admit that CSP's common stock became listed on AMEX on June 14, 2007, admit that CSP sold 460,000 shares of common stock at $3.50 per share at an initial public offering, receiving aggregate proceeds (after deducting underwriters' fees and other expenses) of approximately $1.01 million, admit that, as of December 31, 2008, CSP had 19,679,490 shares of stock outstanding, and approximately 540 employees (excluding commissioned sales representatives), and otherwise deny the allegations in paragraph 16 of the Complaint.

17.     The CSP Defendants admit that LIMI owned or controlled in excess of 77% of CSP shares during the purported Class Period, refer to the Form 10-KSB filed on March 31, 2008, for the true and correct contents thereof, and otherwise deny the allegations in paragraph 17 of the Complaint.

18.     The CSP Defendants admit that Gui has been the Company's CEO and Chairman of the Board of Directors of CSP since 1995, admit that he owns over 20 national and international patents and has written and published numerous articles and reports on economics, admit that he is also President and Chairman of LIMI, refer to the Form 10-KSB/A filed on April 29, 2008, for the true and correct contents thereof, and otherwise deny the allegations in paragraph 18 of the Complaint.

19.     The CSP Defendants admit that Gao was CSP's Chief Financial officer from January 2005 through November 2008, admit that Gao served as the minister of the finance department from December 2001 to January 2005, admit that she served as a district accountant

for sales from July 2001 to December 2001, admit that she served in CSP's Yunnan Market Department from July 2000to July 2001, admit that she graduated from Yunnan finance and trade institute with an accounting degee, refer to the Form 10-KSB/A filed on April 29, 2008, for the true and correct contents thereof, and otherwise deny the allegations in paragraph 19 of the Complaint.

20.     The CSP Defendants state that definitions for use in the Complaint do not require a response, and otherwise deny the allegations in paragraph 20 of the Complaint.

21.     The CSP Defendants deny the allegations in paragraph 21 of the Complaint.

22.     The CSP Defendants deny the allegations in paragraph 22 of the Complaint.

23.     The CSP Defendants state that the first sentence asserts legal conclusions that do not require a response, and otherwise deny the allegations in paragraph 23 of the Complaint.

24.     The CSP Defendants deny the allegations in paragraph 24 of the Complaint.

25.     The CSP Defendants deny the allegations in paragraph 25 of the Complaint.

26.     The CSP Defendants admit that Hansen, Barnett & Maxwell, P.C. ("HB&M") served as CSP's outside auditor from the time the Company was listed on AMEX through the end of the purported Class Period, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint.

27.     The CSP Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

28.     The CSP Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

29.     The CSP Defendants deny the allegations in paragraph 29 of the Complaint.

30.    The CSP Defendants refer to the Form 10-QSB filed on August 16, 2007, for the true and correct contents thereof, and otherwise deny the allegations in paragraph 30 of the Complaint.

31.    The CSP Defendants refer to the Form 10-QSB filed on August 16, 2007, for the true and correct contents thereof, and otherwise deny the allegations in paragraph 31 of the Complaint.

32.    The CSP Defendants deny the allegations in paragraph 32 of the Complaint.

33.    The CSP Defendants refer to the press release issued on November 14, 2007, for the true and correct contents thereof, and otherwise deny the allegations in paragraph 33 of the Complaint.

34.    The CSP Defendants refer to the Form 10-QSB filed on November 15, 2007, for the true and correct contents thereof, and otherwise deny the allegations in paragraph 34 of the Complaint.

35.    The CSP Defendants refer to the Form 10-QSB filed on November 15, 2007, for the true and correct contents thereof, and otherwise deny the allegations in paragraph 35 of the Complaint.

36.    The CSP Defendants refer to the Form 10-QSB filed on November 15, 2007, for the true and correct contents thereof, and otherwise deny the allegations in paragraph 36 of the Complaint.

37.    The CSP Defendants refer to the Form 10-KSB filed on March 31, 2008, for the true and correct contents thereof, and otherwise deny the allegations in paragraph 37 of the Complaint.

38.     The CSP Defendants refer to the Form 10-KSB filed on March 31, 2008, for the true and correct contents thereof, refer to PCAOB established by the Sarbanes-Oxley Act of 2002 for the true and correct contents thereof, deny knowledge or information sufficient to form a belief as to the allegations regarding HB&M, and otherwise deny the allegations in paragraph 38 of the Complaint.

39.     The CSP Defendants refer to the Form 10-KSB filed on March 31, 2008, for the true and correct contents thereof, and otherwise deny the allegations in paragraph 39 of the Complaint.

40.     The CSP Defendants deny the allegations in paragraph 40 of the Complaint.

41.     The CSP Defendants refer to the press release issued on April 1, 2008, for the true and correct contents thereof, and otherwise deny the allegations in paragraph 41 of the Complaint.

42.     The CSP Defendants deny the allegations in paragraph 42 of the Complaint.

43.     The CSP Defendants deny the allegations in paragraph 43 of the Complaint.

44.     The CSP Defendants deny knowledge or information sufficient to form a belief as to the allegations regarding HB&M, and otherwise deny the allegations in paragraph 44 of the Complaint.

45.     The CSP Defendants refer to the Form 10-Q filed on May 20, 2008, for the true and correct contents thereof, and otherwise deny the allegations in paragraph 45 of the Complaint.

46.     The CSP Defendants refer to the Form 10-Q filed on May 20, 2008, for the true and correct contents thereof, and otherwise deny the allegations in paragraph 46 of the Complaint.

47.     The CSP Defendants refer to the Form 10-Q filed on May 20, 2008, for the true and correct contents thereof, and otherwise deny the allegations in paragraph 47 of the Complaint.

48.     The CSP Defendants deny the allegations in paragraph 48 of the Complaint.

49.     The CSP Defendants refer to the press release issued on August 20, 2008, for the true and correct contents thereof, and otherwise deny the allegations in paragraph 49 of the Complaint.

50.     The CSP Defendants refer to the public record for the closing prices of CSP shares, admit that AMEX halted trading of the stock from August 21, 2008 until December 9, 2008, and otherwise deny the allegations in paragraph 50 of the Complaint.

51.     The CSP Defendants refer to the Form 8-K/A filed on September 12, 2008, for the true and correct contents thereof, and otherwise deny the allegations in paragraph 51 of the Complaint.

52.     The CSP Defendants refer to the Form 8-K filed on October 23, 2008, and the attachments thereto, for the true and correct contents thereof, and otherwise deny the allegations in paragraph 52 of the Complaint.

53.     The CSP Defendants refer to the Form 8-K/A filed on November 14, 2008, for the true and correct contents thereof, and otherwise deny the allegations in paragraph 53 of the Complaint.

54.     The CSP Defendants admit the allegations of paragraph 54 of the Complaint.

55.     The CSP Defendants refer to the Form 10-KSB/A filed on November 14, 2008, for the true and correct contents thereof, and otherwise deny the allegations in paragraph 55 of the Complaint.

56.     The CSP Defendants refer to the press release issued on November 20, 2008, for the true and correct contents thereof, and otherwise deny the allegations in paragraph 56 of the Complaint.

57.     The CSP Defendants admit that its common stock resumed trading on the NYSE Alternext LLC exchange on December 9, 2008, refer to the public record for the closing prices of CSP shares, and otherwise deny the allegations in paragraph 57 of the Complaint.

58.     The CSP Defendants state that it asserts legal conclusions that do not require a response, and otherwise deny the allegations in paragraph 58 of the Complaint.

59.     The CSP Defendants state that it asserts legal conclusions that do not require a response, and otherwise deny the allegations in paragraph 59 of the Complaint.

60.     The CSP Defendants state that it asserts legal conclusions that do not require a response, and otherwise deny the allegations in paragraph 60 of the Complaint.

61.     The CSP Defendants refer to Securities Act Release No. 6349 for the true and correct contents thereof, and otherwise deny the allegations in paragraph 61 of the Complaint.

62.     The CSP Defendants refer to SEC Accounting Series Release 173 for the true and correct contents thereof, and otherwise deny the allegations in paragraph 62 of the Complaint.

63.     The CSP Defendants refer to SEC Staff Accounting Bulletin No. 99 for the true and correct contents thereof, and otherwise deny the allegations in paragraph 63 of the Complaint.

64.     The CSP Defendants refer to SEC Staff Accounting Bulletin No. 99 for the true and correct contents thereof, and otherwise deny the allegations in paragraph 64 of the Complaint.

65.     The CSP Defendants refer to SFAS No. 154 for the true and correct contents thereof, and otherwise deny the allegations in paragraph 65 of the Complaint.

66.     The CSP Defendants refer to SFAS No. 154 for the true and correct contents thereof, and otherwise deny the allegations in paragraph 66 of the Complaint.

67.     The CSP Defendants refer to SFAS No. 154 for the true and correct contents thereof, and otherwise deny the allegations in paragraph 67 of the Complaint.

68.     The CSP Defendants state that it asserts legal conclusions that do not require a response, and otherwise deny the allegations in paragraph 68 of the Complaint.

69.     The CSP Defendants state that it asserts legal conclusions that do not require a response, and otherwise deny the allegations in paragraph 69 of the Complaint.

70.     The CSP Defendants state that it asserts legal conclusions that do not require a response, and otherwise deny the allegations in paragraph 70 of the Complaint.

71.     The CSP Defendants state that it asserts legal conclusions that do not require a response, and otherwise deny the allegations in paragraph 71 of the Complaint.

72.     The CSP Defendants state that it asserts legal conclusions that do not require a response, and otherwise deny the allegations in paragraph 72 of the Complaint.

73.     The CSP Defendants deny the allegations in paragraph 73 of the Complaint.

74.     The CSP Defendants deny the allegations in paragraph 74 of the Complaint.

75.     The CSP Defendants deny the allegations in paragraph 75 of the Complaint.

76.     The CSP Defendants state that it asserts legal conclusions that do not require a response, and otherwise deny the allegations in paragraph 76 of the Complaint.

77.     The CSP Defendants state that it asserts legal conclusions that do not require a response, and otherwise deny the allegations in paragraph 77 of the Complaint.

78.    The CSP Defendants state that it asserts legal conclusions that do not require a response, and otherwise deny the allegations in paragraph 78 of the Complaint.

79.    The CSP Defendants state that it asserts legal conclusions that do not require a response, and otherwise deny the allegations in paragraph 79 of the Complaint.

80.    The CSP Defendants refer to the AICPA Professional Standards for the true and correct contents thereof, and otherwise deny the allegations in paragraph 80 of the Complaint.

81.    The CSP Defendants refer to the AICPA Professional Standards for the true and correct contents thereof, and otherwise deny the allegations in paragraph 81 of the Complaint.

82.    The CSP Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 82 of the Complaint.

83.    The CSP Defendants deny knowledge or information sufficient to form a belief as to the allegations regarding HB&M, and otherwise deny the allegations in paragraph 83 of the Complaint.

84.    The CSP Defendants deny knowledge or information sufficient to form a belief as to the allegations regarding HB&M, refer to CSP's public filings for the true and correct contents thereof, and otherwise deny the allegations in paragraph 84 of the Complaint.

85.    The CSP Defendants refer to the AICPA Professional Standards for the true and correct contents thereof, deny knowledge or information sufficient to form a belief as to the allegations regarding HB&M, and otherwise deny the allegations in paragraph 85 of the Complaint.

86.    The CSP Defendants refer to the AICPA Professional Standards for the true and correct contents thereof, deny knowledge or information sufficient to form a belief as to the

allegations regarding HB&M, and otherwise deny the allegations in paragraph 86 of the Complaint.

87.     The CSP Defendants deny knowledge or information sufficient to form a belief as to the allegations regarding HB&M, and otherwise deny the allegations in paragraph 87 of the Complaint.

88.     The CSP Defendants deny the allegations in paragraph 88 of the Complaint.

89.     The CSP Defendants deny the allegations in paragraph 89 of the Complaint.

90.     The CSP Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 90 of the Complaint.

91.     The CSP Defendants admit that Plaintiffs purport to bring this action as a calss action, and otherwise deny the allegations in paragraph 91 of the Complaint.

92.     The CSP Defendants deny the allegations in paragraph 92 of the Complaint.

93.     The CSP Defendants deny the allegations in paragraph 93 of the Complaint.

94.     The CSP Defendants deny the allegations in paragraph 94 of the Complaint.

95.     The CSP Defendants deny the allegations in paragraph 95 of the Complaint.

96.     The CSP Defendants deny the allegations in paragraph 96 of the Complaint.

97.     The CSP Defendants deny the allegations in paragraph 97 of the Complaint.

98.     The CSP Defendants admit that CSP shares were listed and actively traded on NYSE Alternext LLC exchange (formerly, AMEX, now known as NYSE Amex) at times relevant to this action, admit that CSP filed periodic public reports with the SEC, and otherwise deny the allegations in paragraph 98 of the Complaint.

99.     The CSP Defendants deny the allegations in paragraph 99 of the Complaint.

100.    The CSP Defendants deny knowledge or information sufficient to form a belief as to the allegations regarding HB&M, and otherwise deny the allegations in paragraph 100 of the Complaint.

101.    The CSP Defendants deny the allegations in paragraph 101 of the Complaint.

102.    The CSP Defendants deny the allegations in paragraph 102 of the Complaint.

103.    The CSP Defendants deny the allegations in paragraph 103 of the Complaint.

104.    The CSP Defendants deny the allegations in paragraph 104 of the Complaint.

105.    The CSP Defendants deny the allegations in paragraph 105 of the Complaint.

106.    The CSP Defendants deny the allegations in paragraph 106 of the Complaint.

107.    The CSP Defendants repeat and reallege their answers to paragraphs 1 through 106 of the Complaint above as if fully set forth herein, and otherwise deny the allegations in paragraph 107 of the Complaint.

108.    The CSP Defendants deny the allegations in paragraph 108 of the Complaint.

109.    The CSP Defendants deny the allegations in paragraph 109 of the Complaint.

110.    The CSP Defendants deny the allegations in paragraph 110 of the Complaint.

111.    The CSP Defendants deny the allegations in paragraph 111 of the Complaint.

112.    The CSP Defendants deny the allegations in paragraph 112 of the Complaint.

113.    The CSP Defendants deny the allegations in paragraph 113 of the Complaint.

114.    The CSP Defendants deny knowledge or information sufficient to form a belief as to the allegations regarding HB&M, and otherwise deny the allegations in paragraph 114 of the Complaint.

115.    The CSP Defendants deny the allegations in paragraph 115 of the Complaint.

116.    The CSP Defendants deny the allegations in paragraph 116 of the Complaint.

117.    The CSP Defendants state that it asserts legal conclusions that do not require a response, and otherwise deny the allegations in paragraph 117 of the Complaint.

118.    The CSP Defendants deny the allegations in paragraph 118 of the Complaint.

119.    The CSP Defendants repeat and reallege their answers to paragraphs 1 through 118 of the Complaint above as if fully set forth herein, and otherwise deny the allegations in paragraph 119 of the Complaint.

120.    LIMI, Gui and Gao deny the allegations in paragraph 120 of the Complaint.  CSP states that because the allegations constituting the Second Claim, set forth in paragraphs 119 through 123 of the Complaint, are asserted only against LIMI, Gui and Gao, no response to these allegations is required of CSP.

121.    LIMI, Gui and Gao admit that LIMI owned approximately 77% of CSP's common stock during the Class Period, and that Gui was its President and Chairman, refer to the Company's public filings for the true and correct content thereof, and otherwise deny the allegations in paragraph 121 of the Complaint.  CSP states that because the allegations constituting the Second Claim, set forth in paragraphs 119 through 123 of the Complaint, are asserted only against LIMI, Gui and Gao, no response to these allegations is required of CSP.

122.    LIMI, Gui and Gao deny the allegations in paragraph 122 of the Complaint.  CSP states that because the allegations constituting the Second Claim, set forth in paragraphs 119 through 123 of the Complaint, are asserted only against LIMI, Gui and Gao, no response to these allegations is required of CSP.

123.    LIMI, Gui and Gao deny the allegations in paragraph 123 of the Complaint.  CSP states that because the allegations constituting the Second Claim, set forth in paragraphs 119

through 123 of the Complaint, are asserted only against LIMI, Gui and Gao, no response to these allegations is required of CSP.

## DEFENSES

The CSP Defendants may rely upon the following defenses if supported by the facts to be determined through discovery.  In asserting these defenses, the CSP Defendants do not undertake any burden of proof that otherwise would be borne by Plaintiffs.  The CSP Defendants expressly reserve the right to amend and/or supplement their defenses as may be necessary, and to assert all other defenses that may be revealed during the course of further investigation and/or discovery.

### First Defense

The Complaint and each purported claim for relief stated therein fails to state a claim upon which relief may be granted against the CSP Defendants or any one of them.

### Second Defense

Plaintiffs' claims against the CSP Defendants must be dismissed under the PSLRA for failure to plead fraud with particularity.

### Third Defense

Plaintiffs' claims and/or the claims of any members of the class who Plaintiffs purport to represent are barred, in whole or in part, because the CSP Defendants made no false statements or omissions of material fact.

### Fourth Defense

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because the CSP Defendants' alleged misstatements are non-actionable statements containing expressions of opinion, repetition of publicly available

information, and forward-looking statements, and/or contained sufficient cautionary language and risk disclosures.

### Fifth Defense

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because the CSP Defendants provided accurate and complete disclosure and fully satisfied its disclosure obligations as a matter of law. Among other things, CSP repeatedly disclosed that it was a Chinese company operating solely in China, which had only recently become a publicly owned entity, and had weaknesses and its internal controls and financial accounting.

### Sixth Defense

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because the CSP Defendants' alleged misstatements were not material to the investment decisions of a reasonable investor in view of, *inter alia*, the total mix of available information.

### Seventh Defense

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, for lack of reliance on the CSP Defendants' alleged misstatements.

### Eighth Defense

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because Plaintiffs relied exclusively upon their own independent investigations, their own decisions, and/or the advice of their professional investment advisors.

### Ninth Defense

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because the "in connection with" requirement of a federal securities claim cannot be satisfied.

### Tenth Defense

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because the CSP Defendants acted at all times in good faith and without knowledge or intent to commit securities fraud and did not directly or indirectly participate in, or induce, any unlawful acts.

### Eleventh Defense

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because the substance of the material information that Plaintiffs allege to have been omitted or misrepresented was in fact disclosed in CSP's public filings and other public releases, and/or was otherwise publicly available and/or widely known to the market and to the investing community.

### Twelfth Defense

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because they cannot demonstrate transaction causation.

### Thirteenth Defense

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because they cannot demonstrate loss causation.

## Fourteenth Defense

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because any increase or decrease in the market value of Plaintiffs' stock was the result of market or other factors and not the alleged wrongful conduct on the part of the CSP Defendants.

## Fifteenth Defense

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because no material misstatement of fact, omission to state a required fact, or omission to state a material fact necessary to make a statement not misleading caused, in whole, in part, or at all, any diminution in the value of the securities of Plaintiffs or the members of the purported class.

## Sixteenth Defense

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because they cannot demonstrate that they suffered compensable damages.

## Seventeenth Defense

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because of their failure to mitigate, reduce or otherwise avoid damages.

## Eighteenth Defense

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because any damages are due to the conduct of third parties or other defendants over whom the CSP Defendants had no control, and/or may be

recoverable from other sources. The acts of those third parties or defendants constitute intervening or superseding causes of the harm, if any, suffered by Plaintiffs.

### Nineteenth Defense

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, under the principles of contribution and/or indemnity, because persons or entities other than the CSP Defendants are wholly or partially responsible for the purported damages, if any, suffered by Plaintiffs.

### Twentieth Defense

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because they knew, or in the exercise of reasonable care should have known, of the alleged conduct in the Complaint and were negligent with respect to the purchase and sale of CSP's shares. This negligence was the cause in fact and proximate cause of any alleged damages.

### Twenty-First Defense

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, under the equitable doctrine(s) of waiver, estoppels, ratification, unclean hands, laches, and failure to use care.

**Twenty-Second Defense**

Plaintiffs' Section 20(a) claims and/or the Section 20(a) claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because no CSP Defendant was a controlling or culpable participant in any primary violation of the federal securities laws.

**Twenty-Third Defense**

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because they lack standing to pursue the some or all of the claims in the Complaint.

**Twenty-Fourth Defense**

Plaintiffs' claims and/or the claims of any members of the class that Plaintiffs purport to represent are barred, in whole or in part, because this action cannot be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

**Twenty-Fifth Defense**

The CSP Defendants adopt and incorporate any defenses asserted by other defendants herein to the extent that such defenses are applicable to the CSP Defendants.

WHEREFORE, the CSP Defendants respectfully request that this Court dismiss Plaintiffs' claims against them, award costs, disbursements and attorneys' fees to the CSP Defendants, and grant such other and further relief as the Court deems just and proper.

Dated:  January 29, 2010

Respectfully submitted,

**PRYOR CASHMAN LLP**


By: _____/s/_____
      Donald S. Zakarin (dzakarin@pryorcashman.com)
      Richard C. Schoenstein (rschoenstein@pryorcashman.com)
7 Times Square
New York, New York  10036
Phone: (212) 421-4100
Fax:  (212) 326-0806

*Attorneys for the CSP Defendants*